IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RMT INTERNATIONAL, CORP., and
DR. DANIEL A. HUBER,**

       Plaintiffs,                            No. 3:12-cv-01023-MO

          v.                          OPINION AND ORDER

**POLY PLANT PROJECT, INC.**,

       Defendant.

**MOSMAN, J.**,

On October 25, 2012, I entered an amended judgment [19] dismissing plaintiffs'

complaint without prejudice. Defendant now seeks $336.60 in costs [20]. For the following

reasons, I award defendant $99.00 in costs.

**DISCUSSION**

Defendant seeks reimbursement for costs associated with (1) document production; and

(2) computerized research. (Bill of Costs [20] at 2.) Plaintiffs argue that I should deny all costs

because "Defendant is not the prevailing party and the requested costs are not authorized" under

28 U.S.C. § 1920. (Obj. [22] at 1.)

1 – OPINION AND ORDER

## I.     Prevailing Party

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is a "strong presumption in favor of awarding costs to the prevailing party." *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003). The Supreme Court has explained that "a 'prevailing party' is one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). Thus, there is a prevailing party if there has been a "material alteration of the legal relationship of the parties." *Id*. at 604 (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)).

Whether an involuntary dismissal without prejudice creates a material alteration of the legal relationship of the parties depends on whether the plaintiff may re-file the claim in federal court. *Compare Miles*, 320 F.3d at 989 (holding that judgment created a material alteration of the legal relationship of the parties when the plaintiff is precluded from "further proceedings in federal court"), *with Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978 (9th Cir. 2008) (holding that judgment did not create a material alteration of the legal relationship of the parties because "defendant remains subject to the risk of re-filing"). Defendant argues that dismissal without prejudice creates a material alteration of the legal relationship of the parties because plaintiffs are precluded from re-filing in the District of Oregon. (Resp. [23] at 2–3.) I agree. Therefore, I find that defendant is a prevailing party under Federal Rule of Civil Procedure 54(d)(1).

## II.    Costs

Pursuant to Federal Rule of Civil Procedure 54(d), a prevailing party may recover costs listed in 28 U.S.C. § 1920. The losing party incurs the burden of demonstrating why certain costs

should not be awarded. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). "The court does not have discretion to award whatever costs seem appropriate, but must limit an award of costs to those costs defined in 28 U.S.C. § 1920." *In re Melridge, Inc. Sec. Litig.*, 154 F.R.D. 260, 261 (D. Or. 1994). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in §1920." *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995) (citing *Aflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990)). Additionally, the court retains discretion to refuse to tax costs in favor of a prevailing party. *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989).

### A.    *Document Production*

Under § 1920, the "costs of making copies of any materials" are recoverable "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Plaintiffs challenge defendant's costs of $99.00 in "document production" for failure to explain their nature and purpose. (Obj. [22] at 3.) Defendant's response states that document production consisted of "copies" made in preparation for oral argument. (Resp. [23] at 3.) Accordingly, I find that "document production" fits within photocopies under 28 U.S.C. § 1920(4) and award defendant $99.00 in costs.

### B.    *Computerized Research*

Computerized research costs are neither expressly nor implicitly authorized under § 1920. *See* 28 U.S.C. § 1920; *Frederick*, 162 F.R.D. at 144. Moreover, the Ninth Circuit has held that computerized research costs are recoverable as attorney fees, rather than costs. *Trs. of Constr. Indus. & Laborers Health & Welfare Trusts v. Redland Ins. Co.*, 460 F.3d 1253, 1258–59 (9th Cir. 2006). Therefore, the request for $237.60 in costs for computerized research is denied.

**CONCLUSION**

For the foregoing reasons, I GRANT IN PART defendant's bill of costs [20]. Defendant

is awarded costs in the amount of $99.00.

IT IS SO ORDERED.

DATED this   28th   day of January, 2013.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court